UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Total Quality Logistics, LLC,

    Plaintiff,

        v.                                    Case No. 1:24cv340

Andrew Larney, *et al*.,                        Judge Michael R. Barrett

    Defendants.

## **OPINION & ORDER**

This matter is before the Court upon Plaintiff's Stipulation Regarding the Amount in Controversy (Doc. 9) and Plaintiff's subsequent Motion to Remand this action to the Court of Common Pleas for Clermont County, Ohio. (Doc. 10). Defendant Eve International Logistics, Inc.'s filed a Response in Opposition to Plaintiff's Motion to Remand (Doc. 11); and Plaintiff filed a Reply (Doc. 12).

    **I.**    **BACKGROUND**

Plaintiff, Total Quality Logistics ("TQL"), brings a breach of contract claim against Defendants Andrew Larney and Eve International Logistics, Inc. ("Eve") arising out of the Employee Non-Compete, Confidentiality, and Non-Solicitation agreement between the parties. TQL filed its complaint in Clermont County Court of Common Pleas on June 11, 2024. (Doc. 2). In its complaint, TQL alleged that after working at TQL for twelve years, Defendant Larney resigned and proceeded to work with Defendant Eve using TQL's confidential information to divert business from TQL.

Defendant Eve filed its notice of removal based on diversity jurisdiction with this Court on June 24, 2024. (Doc. 1). On July 12, 2024, TQL filed a stipulation regarding the

amount in controversy. (Doc. 9). In the stipulation, TQL states that the relief it seeks and will accept is limited to a total amount of $75,000, inclusive of compensatory and punitive damages, attorney's fees, and fair value of any injunctive relief. (Doc. 9, PageID 146). TQL also states that the stipulation is "intended to be unequivocal and binding on [TQL]" and that TQL intends for the Court to use the stipulation "to limit the amount of any award to it in this action." (Doc. 9, PageID 147). Then, on July 18, 2024, TQL filed its Motion to Remand the action to Clermont County and to stay briefing on Defendant Eve's motion to dismiss for lack of personal jurisdiction because the stipulation limits the amount in controversy to less than $75,000. (Doc. 10, PageID 153-54).[1]

## II. ANALYSIS

When a defendant removes an action to federal court, the federal court has jurisdiction only if it would have had original jurisdiction over the action. 28 U.S.C § 1441(a). For a court to have jurisdiction under 28 U.S.C § 1332(a), two conditions must be met: (1) citizenship of the parties must be diverse, and (2) the amount in controversy must exceed $75,000. 28 U.S.C § 1332(a). To determine whether a case can be removed based on 28 U.S.C § 1332(a), courts must look to the complaint at the time of removal and determine whether both conditions are satisfied. *See Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004). Because removal raises significant federalism concerns, if a case is removed and jurisdiction is uncertain, a federal court must construe the removal statutes strictly, resolving all doubts in favor of remand. *H.R. ex rel. Reuter v. Medtronic, Inc.*, 996 F. Supp. 2d 671, 676 (S.D. Ohio 2014); *see Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

---

[1]On June 28, 2024, Defendant Eve filed its motion to dismiss for lack of personal jurisdiction. (Doc. 6).

2

A plaintiff, as the "master of his or her own complaint," can deliberately avoid removal by suing in state court for less than the federal jurisdictional amount. *Total Quality Logistics, LLC v. Traffic Tech., Inc.*, Case No. 1:22-CV-304, 2022 WL 2948945, at *2 (S.D. Ohio July 26, 2022) (citing *Calvary Indus., Inc. v. McLaren*, Case No. 1:21-cv-622, 2022 WL 2187239, at *3 (S.D. Ohio June 16, 2022)). In Ohio, however, the Ohio Rules of Civil Procedure do not permit a plaintiff to include a specific claim of damages in a complaint. Ohio Civ. R. 8(A). The only information a plaintiff may include in the complaint about the amount in controversy is that the amount is greater than $25,000.00. *Id*. Further, if a plaintiff includes a cap on damages in the complaint, the cap is not enforceable under Ohio law. *Total Quality Logistics, LLC v. Summit Logistics Grp., LLC*, 606 F. Supp. 3d 743, 748 (S.D. Ohio 2022). Because of this limitation, the Sixth Circuit allows a plaintiff to stipulate to a claim less than the federal jurisdictional amount after a claim is removed to federal court, so long as the stipulation is the first time that the plaintiff provides specific information about the amount in controversy. *See Total Quality Logistics, LLC v. Reed Transp. Servs., Inc.*, Case No. 1:19-cv-182, 2019 U.S. Dist. LEXIS 213291 at *2 (S.D. Ohio, Dec. 11, 2019) (citing *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 481 (6th Cir. 2014)). This type of stipulation constitutes a clarification, rather than a reduction, of the amount in controversy. *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 469-470 (6th Cir. 2019). "So long as the language of the stipulation is sufficiently unequivocal and binding, that stipulation deprives the federal court of subject matter jurisdiction." *Summit,* 606 F. Supp. 3d at 748 (citing *Heyman*, 781 F. App'x at 469-470).

Eve argues that the amount in controversy exceeds $75,000 because Counts III,

3

IV, and VI of TQL's complaint each seek to recover more than $25,000 for separate harms and TQL is also seeking punitive damages, attorney's fees, and injunctive relief.[2] Eve also argues that because the complaint itself makes a specific claim for damages greater than $75,000, TQL's post-removal stipulation is not the first time that the amount in controversy was specified.

"[S]o long as it is the plaintiff's first post-removal statement of damages and contravenes no other express statement in the state court case . . . courts do not to look past that stipulation to make their own assessment of the value sought in the removed action." *Total Quality Logistics, LLC v. Lankford*, No. 1:23-CV-303, 2023 WL 4423820, at *4 (S.D. Ohio July 10, 2023) (citing *Heyman*, 781 F. App'x at 469-471). Even if a plaintiff could recover more than the federal jurisdictional amount from the harm suffered, they reserve the right to choose to recover only up to a certain amount. *Id.* As this Court has explained:

> That is what it means to be the "master of the complaint." It is just that states like Ohio make it impossible for a plaintiff to evince that intent in their state-court complaint. Against that backdrop, a binding stipulation in federal court represents the plaintiff's first opportunity to so clarify.

*Id*.

Here, the post-removal stipulation is the first time that TQL specified the amount of recovery sought and the stipulation is a permissible clarification, not a reduction, of the amount in controversy. Because the stipulation is TQL's first post-removal statement

---

[2]Eve argues that this Court can rely on the complaint to determine the amount in controversy based this Court's decisions in *Total Quality Logistics, LLC v. Alliance Shippers*, Inc., No. 1:19-cv-1052, 2020 U.S. Dist. LEXIS 104360 (S.D. Ohio June 15, 2020) and *Total Quality Logistics, LLC v. Johnson*, No. 1:21-cv-386, 2021 U.S. Dist. LEXIS 125936 (S.D. Ohio July 7, 2021). However, in *Alliance* and *Johnson*, it was only after the courts deemed the plaintiff's stipulations to be insufficient that the Court looked to the complaint to determine the amount in controversy. See *Alliance*, at *5-6; *Johnson*, at *7.

4

about the amount in controversy, the stipulation may be enforced so long as it is unequivocal and binding.

In their stipulation, TQL asserts that TQL seeks and will only accept relief in "a cumulative amount that is less than $75,000, inclusive of compensatory damages, punitive damages, attorneys' fees, and the fair market value of any injunctive relief." (Doc. 9, PageID 146). The stipulation also states that it is "intended to be unequivocal and binding on TQL, and it is TQL's intention that this stipulation be used by the Court to limit the amount of any award to it in this action." (Doc. 9, PageID 147). This Court has found similar stipulations to be unequivocal and binding; and therefore, sufficient to support remand to state court. *See Total Quality Logistics, LLC v. Choephel*, Case No. 1:23-CV-536, 2024 WL 1251092, at *2 (S.D. Ohio Mar. 22, 2024) (citing cases).

Because the language used by TQL in their post-removal stipulation is unequivocal and binding; and the stipulation is the plaintiff's first post-removal statement regarding the amount in controversy, the Court concludes that TQL's post-removal stipulation constitutes a permissible clarification of the amount in controversy. Because the federal jurisdictional requirement for the amount in controversy is not met, the action shall be remanded to the Court of Common Pleas for Clermont County, Ohio.

### III. CONCLUSION

Based on the foregoing, Plaintiff's Motion to Remand (Doc. 10) is **GRANTED** and this case shall be **REMANDED** the Court of Common Pleas for Clermont County, Ohio.

**IT IS SO ORDERED.**

                                             */s/ Michael R. Barrett*
                                             Michael R. Barrett
                                             United States District Judge